# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

BEYOND THE DOG, LLC,
    *Plaintiff*,

      v.

ALLYSON SALZER and CANINE
BEHAVIORAL BLUEPRINTS, LLC,
    *Defendants.*

ALLYSON SALZER and CANINE
BEHAVIORAL BLUEPRINTS, LLC,
    *Counterclaim-Plaintiffs*,

      v.

BEYOND THE DOG, LLC, KRISTYN
ECHTERLING-SAVAGE, and SEAN
SAVAGE,
      *Counterclaim-Defendants.*

No. 3:24-cv-1439 (VAB)

## RULING AND ORDER ON THE PARTIES' DISCOVERY DISPUTES

Beyond the Dog, LLC ("Beyond the Dog") has sued Allyson Salzer and Canine

Behavioral Blue Prints, LLC ("CCB") for claims of breach of contract, misappropriation of trade

secrets, unjust enrichment, and unfair competition. *See* Amended Complaint, ECF No. 34 (Jan.

13, 2025) ("Amd. Compl.")

Allyson Salzer and CBB (collectively the "Counterclaim-Plaintiffs" and the

"Defendants") have counter-sued Beyond the Dog, Kristyn Echterling-Savage ("Echterling-

Savage"), and Sean Savage ("Savage") (collectively the "Counterclaim-Defendants" and the

"Plaintiffs") for claims of deceptive and unfair acts or practices, and unfair method of

competition all in violation of the Connecticut Unfair Trade Practices Act ("CUPTA"), tortious

interference with advantageous prospective contractual relationship that is injurious to reputation, tortious interference with contractual relations, defamation *per se*, unfair competition, and negligent infliction of emotional distress. *See* Answer, ECF No. 86 (May 9, 2025) ("Answer").

Both the Plaintiffs and Defendants have filed motions to compel the other party to supplement their discovery responses. *See* Motion Regarding Discovery Issues and Memorandum of Law in Support of Defendants' Motion Regarding Discovery Issues, ECF No. 105 (May 30, 2025) ("Defs.' Mot."); Plaintiff Beyond the Dog LLC's Position Regarding Discovery Dispute, ECF No. 110 (May 30, 2025).

For the following reasons, the Defendants' motion is **GRANTED** in part and **DENIED** in part and the Plaintiffs' motion is **DENIED**.

The Plaintiffs are ordered to supplement their responses to the Defendants' discovery requests in accordance with this Order by **June 27, 2025**. The Plaintiffs are also ordered to file a privilege log by **June 27, 2025**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes the parties' familiarity with the general factual and procedural history of this case.

On May 13, 2025, the parties moved for a discovery conference. Joint Motion for Discovery Conference, ECF No. 92.

On that same day, the Court granted the motion for a discovery conference and set the conference for June 12, 2025. Order, ECF No. 96. In addition, the Court directed the parties "to submit simultaneous filings in support of their respective positions on any outstanding issues of

discovery by May 30th, 2025, and any responses to these simultaneous filings shall be due by June 6th, 2025." Order, ECF No. 96 (May 13, 2025).

On May 30, 2025, the Defendants filed a motion seeking to compel the Plaintiffs to produce additional discovery responses. Defs.' Mot.

That same day, the Plaintiffs filed a motion seeking to compel the Defendants to produce additional discovery responses. Pls.' Mot.

On June 6, 2025, both parties filed their responses. *See* Plaintiff's Reply Regarding Outstanding Discovery Issues, ECF No. 115 ("Pls.' Reply"); Response to Plaintiff Beyond the Dog LLC's Position Regarding Discovery Dispute ("Defs.' Reply").

## II.    STANDARD OF REVIEW

Under Fed. R. Civ. P. 26(b)(1), the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) ("Rule 26"). If a party fails to produce documents as requested under Rule 34 of the Federal Rules, the party seeking discovery may move for an order compelling production. Fed. R. Civ. P. 37(a)(3) ("Rule 37"). The party seeking discovery may also move for an order compelling a more complete discovery response if the responding party provided an evasive or incomplete response. Fed. R. Civ. P. 37(a)(3), (4).

"Once the party seeking discovery has demonstrated relevance, '[t]he objecting party bears the burden of demonstrating specifically how, despite the broad and liberal construction afforded [by] the federal discovery rules, each request is not relevant or how each question is overly broad, unduly burdensome or oppressive.'" *GEOMC Co. v. Calmare Therapeutics, Inc.*, No. 3:14-CV-01222 (VAB), 2020 WL 6049196, at *2 (D. Conn. Oct. 13, 2020) (citing *Klein v. AIG Trading Grp.*, 228 F.R.D. 418, 422 (D. Conn. 2005) (internal alterations and quotation

marks omitted)). The Court exercises broad discretion in deciding a motion to compel discovery. *Grand Cent. P'ship. Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999) ("We will not disturb a district court's ruling on a motion to compel discovery unless there is a clear showing of abuse of discretion." (internal quotation marks omitted)).

## III.    DISCUSSION

Under Fed. R. Civ. P. 33(a), "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). "A party responding to an interrogatory is required to make an inquiry and obtain information to answer the interrogatories which would include obtaining the information to fully and completely answer the interrogatories." *United States v. Veeraswamy*, 347 F.R.D. 591, 599 (E.D.N.Y. 2024) (citation and internal quotation mark omitted).

Under Fed. R. Civ. P. 34, "[a] party may serve on any other party a request within the scope of Rule 26(b): to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or any designated tangible things[.]" Fed. R. Civ. P. 34(a)(1). Objections to a Rule 34 request "must state whether any responsive materials are being withheld *on the basis of that objection*."

*Veeraswamy*, 347 F.R.D. at 599 (citation and internal quotation marks omitted) (emphasis in original).

The Defendants argue that the Plaintiffs have not sufficiently responded to their interrogatories ("ROGs") and requests for production ("RFPs") and seek that the Court "order Plaintiffs to supplement their responses to Interrogatory Nos. 4, 5, 6, 9, 10, and 11 and Request for Production Nos. 3,4, 11, 12, 21, 45, 46, 61, 63-69 and to award Defendants their fees according to Federal Rule of Civil Procedure 37(a)(5)." *See* Defs.' Mot. at 24.[1]

The Plaintiffs also seek to: (1) "Compel[] Defendants to produce all responsive ESI in native format with all associated metadata, as maintained in the ordinary course of business; (2) Compel[] Defendants to conduct a reasonable and comprehensive search of all identified custodians, accounts, and devices, using Plaintiff's proposed search terms and date ranges, and to produce all responsive documents in the requested format; (3) Deem[] Defendants' boilerplate objections waived and order[] Defendants to provide full and complete responses to all outstanding discovery requests, identifying all responsive documents and any materials withheld on the basis of a specific objection; (4) Order[] Defendants to re-produce all documents in an organized and labeled manner, excluding duplicates and providing a clear index or Bates labeling system; [and] (5) Grant[] such other and further relief as the Court deems just and proper." Pls.' Mot. at 15.

The Court will address each parties' discovery requests in turn.

---

[1] Where a document's internal page numbers conflict with the ECF-generated pagination, the Court refers to the ECF-generated pagination.

## A. Defendants' Discovery Requests

The Defendants request the Court to order the Plaintiffs to supplement their responses to the Defendants' RFPs, ROGs, and to award them fees under Federal Rule of Civil Procedure 37(a)(5). *See* Defs.' Mot. at 24.[2]

The Court will address each request in turn.

### 1. Defendants' Motion to Require the Plaintiffs to Supplement their Document Productions

The Defendants request the Court to order the Plaintiffs to supplement their responses to the Defendants' RFP Nos. 3, 4, 11, 12, 21, 45, 46, 61, 63-69. *See* Defs.' Mot. at 24.

The Court will address each request in turn.

#### i. RFP Nos. 3 and 4

The Defendants ask the Court to order the Plaintiffs to supplement their responses to RFP Nos. 3 and 4 regarding correspondences about trade secrets, and non-compete and non-disclosure agreements. *See* Defs.' Mot. at 9.

In response, the Plaintiffs argue that they "have sufficiently identified trade secrets[,]" as they have "disclosed specific trade secrets in its Complaint and provided a detailed identification of the trade secrets at issue in this case as a supplemental response to Interrogatory No. 4[,]" Pls.' Reply at 6, and that they have "produced all such [non-compete and non-disclosure] agreements in their possession for all current employees." Pls.' Reply at 9.

The Court disagrees, in part.

---

[2] The Defendants also ask the Court to "to order Plaintiffs to provide dates for these depositions such that they are completed in advance of the preliminary injunction hearing." Defs.' Mot. at 18. The Court will exercise its discretion to hold off ordering the Plaintiffs to provide dates for these depositions until after the July 14, 2025, preliminary injunction hearing. *See, e.g.*, *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) ("A district court has broad latitude to determine the scope of discovery and to manage the discovery process." (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008))), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014).

To the extent that the Plaintiffs have not produced relevant documents regarding trade secrets and non-compete and non-disclosure agreements, the Court orders them to do so, because their Complaint includes breach of contract and misappropriation of trade secrets claims, Amd. Compl. at 17–27, and thus any such documents go to the heart of the claims in this case. *See In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) ("The Federal Rules of Civil Procedure permit parties to 'obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party[.]'") (quoting Fed. R. Civ. P. 26(b)(1))); *see also Luck v. McMahon*, No. 3:20-CV-00516 (VAB), 2021 WL 413638, at *5 (D. Conn. Feb. 5, 2021) ("Mr. Luck's use of the Alpha-issued iPhone is directly relevant to, at the very least, his alleged violation of the XFL's technology policy and thus, the Alpha-issued iPhone is relevant to Defendants' defenses and claims.").

If the Plaintiffs have produced all relevant documents, however then no further production is necessary, but the Plaintiffs may be precluded from introducing any non-produced documents as evidence later in the case. *See* Fed. R. Civ P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *see also Patterson v. Balsamico*, 440 F.3d 104, 117–118 (2d Cir. 2006) (finding that "[t]he district court did not, therefore, abuse its discretion [under Fed. R. Civ P. 37(c)(1)] in refusing to allow the belatedly-identified witnesses to testify" when "each party was required by Rule 26(a)(3) of the Federal Rules of Civil Procedure to disclose, at least 30 days before trial, the identity of all witnesses that the party intended to present at trial other than solely for impeachment purposes . . . [and] Balsamico did not comply with Rule 26(a)(3)") (internal citations and quotation marks omitted).

*ii.   RFP Nos. 11, 12, 21, 45, 46, 65, 66, 67, 68, and 69*

The Defendants seek production from the Plaintiffs of communications "regarding Dr. Salzer and CBB that they made among themselves, to a third party, or to Dr. Salzer's employers and clients." Defs.' Mot. at 9.

In response, the Plaintiffs argue that the "Defendants' do not need unlimited in time and scope communications for its defamation claim," and that "any such claim is limited to two years." Pls.' Reply at 10.

The Court agrees.

Under "Connecticut law, the statute of limitations for a defamation claim is two years from the date of publication." *Deccan Value LLC v. Malik*, No. FSTCV 21-6052725 S, 2025 WL 1379119, at *4 (Conn. Super. Ct. May 7, 2025) (citing Connecticut General Statutes § 52-597 ("No action for libel or slander shall be brought but within two years from the date of the act complained of."), and *Cweklinsky v. Mobil Chem. Co.*, 267 Conn. 210, 224 (2004) ("The statute of limitations for a defamation claim begins on the date of publication[.]").

Accordingly, the Court will impose a reasonable limitation on the production of such communications to those that would be actionable under the two-year defamation *per se* statute of limitations. *See, e.g.*, *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) ("A district court has broad latitude to determine the scope of discovery and to manage the discovery process"). To the extent that any relevant communications in the Plaintiffs' possession falls within that window, those communications must be produced as those documents relate to a claim in the case. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case."); Answer, ECF No. 86 at 75–76 (listing the Defendants' defamation *per se* counterclaims).

### iii.  *RFP Nos. 61, 62, 63, and 64*

The Defendants allege that the "Plaintiffs refuse to produce communications with Dr. Salzer, claiming she has the information as well[,]" although that "[t]hat is not true for communications before she left BTD." Defs.' Mot. at 10. The Defendants seek production of those communications before she left BTD as well as any documents relating to Dr. Salzer's request for a sponsorship letter from Echterling-Savage so that she could obtain her CAAB credential. *See id.*

In response, the Plaintiffs state that "Plaintiff has searched for and produced all non-privileged, responsive communications regarding the CAAB. Where no documents exist, Plaintiff has no obligation to create them." Pls.' Reply at 10.

The Court agrees, in part.

To the extent that the Plaintiffs have relevant communications with Dr. Salzer that are solely within their control, they must produce such documents consistent with this Order. *See* Fed. R. Civ. P. 34(a)(1) ("A party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: . . .").

As to communications around the CAAB letter, to the extent that the Plaintiffs have produced all relevant documents in their possession, then no further production is necessary, but Plaintiffs may be precluded from introducing any non-produced documents as evidence later in the case. *See* Fed. R. Civ P. 37(c)(1) (permitting, where a "a party fails to provide information . .

. as required by Rule 26(a) or (e)" the exclusion of "that information . . . to supply evidence on a

motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless");

*Patterson*, 440 F.3d at 117–118 (upholding the refusal of not allowing "belatedly-identified

witnesses to testify" when disclosures should have happened earlier, and party "did not comply

with Rule 26(a)(3)") (internal citations and quotation marks omitted).

### iv.  *Plaintiffs' Privilege Objections to RFPs*

The Defendants assert that the "Plaintiffs have objected to producing documents based on

a number of privileges[,]" and are asking the Court to "order Plaintiffs to make an immediate

production of its privilege log." Defs.' Mot. at 12.

In response, the Plaintiffs state that they have "asserted privilege only where appropriate

and has withdrawn any trade secret privilege claims[,]" and that they "will produce a privilege

log for any pre-litigation withheld documents as required." Pls.' Reply at 8.

In order for the Court to properly assess whether the Plaintiffs' objections on the basis of

privilege are proper, the Court will require the Plaintiffs to submit a privilege log. *See* D. Conn.

L. Civ. R. 26(e) ("In accordance with Fed. R. Civ. P. 26(b), when a claim of privilege or work

product protection is asserted in response to a discovery request for documents or electronically

stored information, the party asserting the privilege or protection shall serve on all parties a

privilege log containing the following information: (1) The type of document or electronically

stored information; (2) The general subject matter of the document or electronically stored

information; (3) The date of the document or electronically stored information; (4) The author of

the document or electronically stored information; and (5) Each recipient of the document or

electronically stored information."); *Huseby, LLC v. Bailey*, No. 3:20-CV-00167 (JBA), 2021

WL 3206776, at *15 (D. Conn. July 29, 2021) (finding that a party was in error when "[t]hey did

not, however, support any privilege or work product claims with a privilege log, as they are required to do under Fed. R. Civ. P. 26(b)(5) and D. Conn. L. Civ. R. 26(e)").

                2.   Defendants' Motion to Require the Plaintiffs to Supplement their Interrogatory Responses

The Defendants request the Court to order the Plaintiffs to supplement their responses to the Defendants' Interrogatory Nos. 4, 5, 6, 9, 10, and 11. *See* Defs.' Mot. at 24.

The Court will address each request in turn.

                *i.   Interrogatory Nos. 4, 5, and 10*

In the Plaintiffs' response to Interrogatory Nos. 4, 5, and 10, the Defendants argue that these responses fail to (1) "describe Plaintiffs trade secrets that were misappropriated by Defendants," Defs.' Mot. at 20; (2) "describe when and where each Defendant made use of or disclosed Plaintiffs' trade secrets," *id.* at 21; and (3) "explain how their trade secrets differ from information publicly disclosed by Plaintiffs and identified in response to Interrogatory No. 9," *id.* at 22, respectfully.

In response, the Plaintiffs argue that they (1) "disclosed specific trade secrets in its Complaint [] and provided a detailed identification of the trade secrets at issue in this case as a supplemental response to Interrogatory No. [] 4[,]" Pls.' Reply at 6, (2) the failure of the Defendants to "produce native versions of the training materials . . . has prevented Plaintiff's [sic] from answering this request [to Interrogatory No. 5,]" *id.*, and (3) Interrogatory No. 10 "is an improper request seeking to impose on Plaintiff, Defendants burden of proof to distinguish Plaintiff's trade secrets from all public materials identified in response to Interrogatory No. 9." *Id.* at 7.

        The Court agrees.

As to Interrogatory No. 4, as noted above, to the extent that the Plaintiffs have not produced relevant documents regarding trade secrets, the Court orders them to do so, as they go to the heart of the claims in this case. *See* Amd. Compl. at 17–27 (listing the counts of the Complaint, including breach of contract and misappropriation of trade secrets); *see also In re Agent Orange Prod. Liab. Litig.*, 517 F.3d at 103 ("The Federal Rules of Civil Procedure permit parties to 'obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party[.]'") (quoting Fed. R. Civ. P. 26(b)(1))); ; *see also Luck*, 2021 WL 413638 at *5 (requiring disclosure where "relevant to Defendants' defenses and claims").

If the Plaintiffs have produced all relevant documents, however, then no further production is necessary, but the Plaintiffs may be precluded from introducing any non-produced documents as evidence later in the case. *See,* Fed. R. Civ P. 37(c)(1); *Patterson*, 440 F.3d at 117–118.

As to Interrogatory No. 5, because the Plaintiffs claim not to be able to respond without native versions of the CBB training materials within the Defendants' control, the Plaintiffs must provide a supplemental response to this interrogatory, if and when the Defendants produce native versions of their training materials to the Plaintiffs, such that the Plaintiffs can properly supplement their response. *See Mirlis v. Greer*, 80 F.4th 377, 382 (2d Cir. 2023) ("[I]f a party has access and the practical ability to possess documents not available to the party seeking them, production may be required.") (quoting *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007)).

Finally, as to Interrogatory No. 10, the Plaintiffs need not explain further how their trade secrets differ from information publicly disclosed by them, because it would require the Plaintiffs to perform a detailed analysis and the creation and production of a new document,

outside of the scope of discovery. *See e.g.*, *Sanders v. Levy*, 558 F.2d 636, 642 (2d Cir. 1976) (Under Rule 33(d), "a party will not be required to perform burdensome extraction of information from sources that are available to the party seeking discovery."), *rev'd on other grounds, sub nom., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978); *Williams v. City of Hartford*, No. 3:15CV00933 (AWT) (SALM), 2016 WL 1732719, at *17 (D. Conn. May 2, 2016), *adhered to in part on reconsideration*, 2016 WL 3102001 (June 2, 2016) ("Rule 34 only requires a party to produce documents that exist at the time of the request; a party cannot be compelled to create a document for its production.").

### ii. *Interrogatory No. 6*

In the Plaintiffs' response to Interrogatory No. 6, the Defendants argue that the Plaintiffs did not identify a client that the Defendants did business with. *See* Defs.' Mot. at 21.

The Plaintiffs did not respond to this argument.

Accordingly, given the Court's Order, ECF No. 121, regarding temporary relief in advance of the July 14, 2025, preliminary injunction hearing which finds that "paragraphs 1(A)-(C) of the Trainer Non-Compete Agreement those provisions are no longer in effect," this Interrogatory is no longer relevant to the claims in the case, and this issue is now moot.

### iii. *Interrogatory Nos. 9 and 11*

In the Plaintiffs' response to Interrogatory No. 9, the Defendants argue that the Plaintiffs did not identify all publications by the Savages as the Defendants themselves found two examples where the Plaintiffs "failed to include Echterling-Savages dissertations[.]" Defs.' Mot. at 21. In the Plaintiffs' response to Interrogatory No. 11, the Defendants argue that, while the "Plaintiffs state that they are not aware of any [communications Plaintiffs have had with anyone about Defendants]," Defs.' Mot. at 22, this is "demonstrably false," as, at least three different

persons and entities, have indicating having had communications with the Plaintiffs regarding the Defendants. *Id.*

The Plaintiffs did not respond to these arguments.

To the extent that the Plaintiffs have not produced all of the documents responsive to Interrogatory Nos. 9 and 11, the Court orders them to do so. *See Shim-Larkin v. City of New York*, No. 16-CV-6099 (AJN) (KNF), 2020 WL 5534928, at *12 (S.D.N.Y. Sept. 14, 2020) ("If a party determines that a response given to an interrogatory is 'in some material respect' not complete or is incorrect, 'and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing,' the party has a duty to supplement the interrogatory response timely to ensure that the interrogatory is answered completely and correctly." (citing Fed. R. Civ. P. 26(e)(1)(A))), *objections overruled*, No. 16-CV-6099 (AJN), 2022 WL 1250548 (S.D.N.Y. Apr. 27, 2022).

> 3. Defendants' Motion for an Award of Fees under Federal Rule of Civil Procedure 37(a)(5).

Where a motion to compel is granted, in part, and denied, in part, "Federal Rule of Civil Procedure 37(a)(5)(C) is applicable, as opposed to Rule 37(a)(5)(A)." *Ganci v. U.S. Limousine Serv., Ltd.*, No. 10CV03027(JFB)(AKT), 2012 WL 13109965, at *3 (E.D.N.Y. Sept. 28, 2012). Federal Rule of Civil Procedure 37(a)(5)(C) states that: "If the motion [to compel] is granted in part and denied in part, the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

The Defendants have moved for an award of fees under Federal Rule of Civil Procedure 37(a)(5). *See* Defs.' Mot. at 24.

The Plaintiffs did not respond to this motion.

Because the Court has granted in part and denied in part the Defendants' motions to compel production, and the Court has found in this Order that both parties' discovery productions have been deficient in some respects, the Court will deny the Defendants' motion for attorneys' fees. *See, e.g., Saliga v. Chemtura Corp.*, No. 3:12CV832(RNC)(DFM), 2013 WL 6182227, at *4 (D. Conn. Nov. 25, 2013) (denying request for fees and costs where motion to compel was granted, in part, and denied, in part); *Safespan Platform Sys., Inc. v. EZ Access, Inc.*, No. 06CV00726A(HBS), 2011 WL 7473467, at *5 (W.D.N.Y. Dec. 30, 2011) ("Given the mixed result of defendants' motion, ... this Court may apportion reasonable motion expenses under Rule 37(a)(5)(C) and finds that both sides should bear their own respective costs." (emphasis removed)), *report and recommendation adopted*, 2012 WL 777305 (Mar. 8, 2012).

### B. Plaintiffs' Discovery Requests

The Plaintiffs seek to: (1) "Compel[] Defendants to produce all responsive ESI in native format with all associated metadata, as maintained in the ordinary course of business; (2) Compel[] Defendants to conduct a reasonable and comprehensive search of all identified custodians, accounts, and devices, using Plaintiff's proposed search terms and date ranges, and to produce all responsive documents in the requested format; (3) Deem[] Defendants' boilerplate objections waived and order[] Defendants to provide full and complete responses to all outstanding discovery requests, identifying all responsive documents and any materials withheld on the basis of a specific objection; (4) Order[] Defendants to re-produce all documents in an organized and labeled manner, excluding duplicates and providing a clear index or Bates labeling system; [and] (5) Grant[] such other and further relief as the Court deems just and proper." Pls.' Mot. at 15.

The Court will address the Plaintiffs' requests in turn.

1.    Plaintiffs' Requests Regarding Metadata and Search Terms

The Plaintiffs argue that "Defendants have refused to produce documents in native format, instead providing flattened TIFF images stripped of metadata and organizational context," Pls.' Mot. at 3, and that the "Defendants insisted on solely conducting an ESI search based on keywords and then instead of producing these documents in the manner in which they were maintained." *Id.* at 7. They thus seek to "[c]ompel[] Defendants to produce all responsive ESI in native format with all associated metadata, as maintained in the ordinary course of business; [and] [c]ompel[] Defendants to conduct a reasonable and comprehensive search of all identified custodians, accounts, and devices, using Plaintiff's proposed search terms and date ranges, and to produce all responsive documents in the requested format." *Id.* at 15.

In response, the Defendants state that they have now "produced native versions of all documents in their production that do not have redactions[,]" Defs.' Mot. at 11, and that "[h]aving been told thrice that Plaintiff would not cooperate in providing search terms, Defendants completed the protocol on their own. Defendants sent the protocol to Plaintiff on April 30, 2025. . . . The parties discussed the protocol on a meet and confer that day. Defendants answered every question Plaintiff had about Defendants' search protocol, including document counts for each individual request that Plaintiff inquired about. During that call, Plaintiff still did not provide any revisions to Defendants' search protocol or request any different methodology or search terms. Hearing no request or objection from Plaintiff, Defendants proceeded to review the nearly 10,000 identified documents." *Id.* at 13. The Defendants argue that "the Court should reject Plaintiff's arguments and deny its request for further discovery." *Id.* at 14.

The Court agrees.

A party's motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). *See also* D. Conn. L. Civ. R. 37(a) ("No motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be filed unless counsel making the motion has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution."); *Hanna v. Am. Cruise Lines, Inc.*, No. 3:19-CV-74 (CSH), 2019 WL 6770132, at *2 (D. Conn. Dec. 12, 2019) (denying without prejudice *pro se* plaintiff's motion to compel where the "[p]laintiff has failed to meet the requirements of the Federal or Local Rules because he did not discuss his discovery disputes with Defendant in detail or in good faith").

While the Plaintiffs' motion seeks to show the Defendants' bad faith in producing discovery, *see* Pls.' Mot. at 5 ("Defendants have not demonstrated that producing documents in native format is unduly burdensome or not reasonably accessible, as required by Rule 26(b)(2)(B). Their unilateral decision to produce only TIFF flattened files is an attempt to unilaterally limit and obfuscate discovery in this case and is unjustified and prejudicial."); *id.* at 7 ("Defendants' unilateral approach of ignoring relevant primary sources (e.g. their laptop and relevant email accounts) and stripping metadata from their documents not only disregards Plaintiff's legitimate requests and the parties ongoing negotiations efforts but also undermines the Court's role in resolving discovery disputes."), the Defendants' Reply suggests otherwise. *See e.g.*, Defs.' Mot. at 11 ("Having been told thrice that Plaintiff would not cooperate in providing search terms, Defendants completed the protocol on their own.").

Accordingly, the Plaintiffs' motion to compel the Defendants to produce all responsive ESI in native format with all associated metadata, and to use the Plaintiffs' proposed search terms, will be denied. *See Acosta v. Puccio*, No. 3:18-cv-532(MPS), 2019 WL 2098317, at *3 (D. Conn. May 14, 2019) (before involving the court, the parties are required to confer and make "a good faith effort to eliminate or reduce the area of controversy"); *Trilegiant Corp. v. Sitel Corp.*, No. 09 CIV. 6492 BSJ JCF, 2012 WL 1883343, at *2 (S.D.N.Y. May 22, 2012) ("Failure to confer in good faith is a basis to deny a motion to compel."); *Conquistador v. Adamaitis*, No. 3:19-CV-430 (KAD), 2019 WL 13556972, at *1 (D. Conn. Nov. 6, 2019) ("As Conquistador has not conferred with counsel in good faith to resolve the discovery dispute at issue in his motion to compel, the motion is denied.").

> 2. Plaintiffs' Request Regarding Improper Redactions and Attorneys' Eyes
> Only Designations

In the Joint Stipulated Protective Order issued by this Court, ECF No. 28 (Dec. 2, 2024) ("Protective Order"), the Court laid out the proper procedure to request the modification or withdrawal of confidential or attorneys' eyes only material (i.e. "designated material"):

> A party may submit a request in writing to the party who produced Designated Material that the designation be modified or withdrawn. If the Designating Person does not agree to the redesignation within fifteen business days, the objecting party may apply to the Court for relief. Upon any such application, the burden shall be on the Designating Person to show why the designation is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter. The Court may award sanctions if it finds that a party's position was taken without substantial justification.

Protective Order at ¶ 11.

The Plaintiffs object to the "Defendants' production of discovery documents in which the names, addresses, and other identifying information of potential witnesses have been redacted and where the documents have been marked as Highly Confidential - Attorneys' Eyes Only[,]"

and argue that the "Defendants should remove any improper redaction and reproduce the documents." Pls.' Mot. at 8–9.

In response, the Defendants argue that the "Court's Protective Order sets forth the procedure for the parties to follow regarding objections to designated documents. . . . Plaintiff did not follow that procedure and therefore any suggestion that Defendants should reproduce the documents with a different designation should be denied." Defs.' Reply at 14–15.

The Court agrees.

The Plaintiffs do not appear to have followed the procedures laid out in this Court's Protective Order for objecting to designations. Moreover, the Defendants have stated that the "Plaintiff did not meet and confer with Defendants about Defendants' redactions before it filed this Motion[,]" Defs.' Reply at 15, as required by the Protective Order as well. Protective Order at ¶ 11 ("Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter.").

Accordingly, the Court will deny without prejudice for renewal the Plaintiffs' request that the Defendants remove any improper redaction and reproduce the documents until the protocol laid out in Paragraph 11 of the Protective Order is followed. *See, e.g.*, *EM Ltd.*, 695 F.3d at 207 ("A district court has broad latitude to determine the scope of discovery and to manage the discovery process").

3.  Plaintiffs' Request Regarding the Defendants' Alleged Boilerplate Objections and Non-Substantive Responses

The Plaintiffs argue that the "Defendants' responses to Plaintiff's Requests for Production Nos. 3–8 and 10–20, and Interrogatories Nos. 2, 4, 10, 12, 13 and 16, consist largely of boilerplate objections ("overly broad," "unduly burdensome," "not relevant") without any

meaningful explanation or identification of what, if anything, has been withheld on the basis of those objections," Pls.' Mot. at 9, and ask the Court to "[d]eem[] Defendants' boilerplate objections waived and order[] Defendants to provide full and complete responses to all outstanding discovery requests, identifying all responsive documents and any materials withheld on the basis of a specific objection." *Id.* at 15.

In response, the Defendants argue that "[f]or their interrogatory responses, Defendants provided full, complete, and responsive answers[,] [and] [f]or their document production, Defendants engaged in a comprehensive review process and made their production to Plaintiff." Defs.' Reply at 15–16.

The Court agrees.

After reviewing the responses and objections that the Defendants have provided, *see* Exh. 1 to Defs.' Mot, ECF No. 111 (May 30, 2025), the Defendants' responses to the Plaintiffs' Interrogatory Nos. 2, 4, 10, 12, 13, and 16 are sufficient. The Defendants' responses to the Plaintiffs' Requests for Production Nos. 3–8 and 10–20 also are sufficient, particularly since Plaintiffs have not sufficiently engaged in the creation of a discovery plan. *See supra* at 13–16 (discussing the Plaintiffs' failure to engage with the Defendants regarding ESI protocols and search terms); *Soley v. Wasserman*, 639 F. App'x 670, 675 (2d Cir. 2016) ("The argument is also without merit. The district court is afforded wide discretion in evaluating the sufficiency of discovery.") (citing *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 51 (2d Cir.2004) ("It is axiomatic that the trial court enjoys wide discretion in its handling of pre-trial discovery.")).

4. Plaintiffs' Request Regarding the Defendants' Alleged Disorganized and Duplicative Document Production

The Plaintiffs argue that the Defendants recently "dumped" more than 16,000 pages of documents that were "not organized or labeled to correspond to Plaintiff's requests, nor was it produced as maintained in the ordinary course of business, in violation of Rule 34(b)(2)(E)(i)[,]" Pls.' Mot. at 12, and ask the Court to "request[] that the Court order Defendants to re-produce all documents in native format, with the relevant metadata, using corrected Bates numbers, corrected confidentiality designations, and organized and labeled to correspond to Plaintiff's requests, excluding duplicative materials." *Id.* at 13.

In response, the Defendants state that the "documents were produced as they are maintained in the ordinary course[,]" Defs.' Reply at 18, and that the "production was well-organized, produced with corresponding attachments, and included metadata." *Id.* The Defendants state that they "have re-produced their production to provide duplicate native files for every non-redacted document and to use a different prefix for their Bates numbers. This production also includes metadata." *Id.*

Accordingly, given the Defendants' reproduction, the Plaintiffs' request for reproduction of these documents will be denied as moot.

5. Plaintiffs' Request Regarding the Defendants' Allegedly Deficient Responses to Interrogatory Nos. 4 and 12

The Plaintiffs argue that the Defendants' response to Interrogatory Nos. 4 and 12 "is insufficient under Rule 33 because the response fails to specify which sources were used to develop the specific materials (e.g., client intake surveys, training protocols, or behavior evaluations). Critically, Defendants have not connected these sources to the materials they

21

allegedly created, nor have they explained how these sources were combined or adapted." Pls.'
Mot. at 13–14.

In response, the Defendants argue that "Plaintiff's Interrogatory No. 4 asked Defendants
to 'Identify all sources used to create CBB's animal assessment and treatment activities.'
Interrogatory No. 12 asked Defendants to 'Identify all sources and materials relied upon to create
CBB's and/or Salzer's animal assessment, training protocols, training materials, and behavior
evaluations.' Defendants' answer to both Interrogatories was complete and responsive. Neither
interrogatory required Defendants to 'connect[] these sources to the materials they allegedly
created' or explain 'how these sources were combined or adapted' as Plaintiff now complains."
Defs.' Reply at 18–19 (internal citations omitted).

The Court agrees.

The Defendants' response was sufficiently responsive to the Plaintiffs' interrogatories as
worded, and no further responses will be ordered. *See Soley*, 639 F. App'x at 675 ("The argument
is also without merit. The district court is afforded wide discretion in evaluating the sufficiency
of discovery.") (citing *Wills*, 379 F.3d at 51 ("It is axiomatic that the trial court enjoys wide
discretion in its handling of pre-trial discovery.")).

## IV.    CONCLUSION

For the foregoing reasons, the Defendants' motion is **GRANTED** in part and **DENIED**
in part and the Plaintiffs' motion is **DENIED**.

The Plaintiffs are ordered to supplement their responses to the Defendants' discovery
requests in accordance with this Order by **June 27, 2025.**

The Plaintiffs are also ordered to file a privilege log by **June 27, 2024**.

**SO ORDERED** at New Haven, Connecticut, this 12th day of June, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE